United States District Court
Southern District of Texas
ENTERED

JUN 0 7 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIANA RIVERA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. B-06-189** |
| | § | |
| THE COUNTY OF WILLACY, and | § | |
| JUAN ANGEL GUERRA, in his official | § | |
| and individual capacity, | § | |
| | § | |
| **Defendants.** | § | |

## OPINION & ORDER

BE IT REMEMBERED, that on June __6__, 2007, the Court **DENIED** the parties' Joint Motion for Extension of Scheduling Order Deadlines. Dkt. No. 9.

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Additionally, "[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings." Haynes v. City of Circleville, 2005 WL 3263313, at *2 (S.D. Ohio, Dec. 1, 2005) (internal citations omitted). Under Rule 16, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); *see also* Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992))). Absence of

prejudice to the non-moving party is not sufficient to establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at \*4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, \*4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In the motion *sub judice*, the parties state that they "are actively participating in discovery matters," but they "have also initiated settlement discussions and participated in non-binding mediation." Dkt. No. 9, at 1. The parties "are in agreement that an extension of the upcoming scheduling order deadlines is in the best interest of all the parties, in order to allow the parties to fully pursue these discussions." *Id.* The parties request extensions of the Defendants' expert designation and report filing deadline, the discovery deadline, and the dispositive motion filing deadline. *Id.*; *see* Dkt. No. 7.

The only two bases upon which the parties seek to have their request granted are that they have agreed to the extension, and the extension will allow them to continue their settlement discussions. Dkt. No. 9, at 1. Neither of these bases establishes the good cause necessary to warrant the extensions of time requested. First, stipulations between the parties do not provide a basis for amending a scheduling order. *See Parisi*, 164 F.R.D. at 621. Although parties may agree to engage in discovery beyond the applicable deadline, as provided in the scheduling order, such an agreement—absent a showing of good cause—may not serve as a proper basis for granting an extension of time that requires leave of court. To allow an amendment of a scheduling order on such a basis would render the good cause standard useless. Secondly, although the Court finds the parties' settlement efforts commendable and encourages the continuation of their negotiations, the mere possibility of settlement does not meet the standard of good cause for amending the Court's scheduling order. *See Jones*, 2005 U.S. Dist. LEXIS 17464 at \*4–5. Furthermore, the parties provide no explanation as to why their settlement discussions will prevent them from meeting the deadlines established in the scheduling order. Thus, the parties have not shown that, despite their diligence, they will still be unable to meet the Court's deadlines.

Based on the foregoing, the Court concludes that the parties have failed to establish good cause for granting the extensions of time requested. Accordingly, the Court **DENIES**

the parties' Joint Motion for Extension of Scheduling Order Deadlines.   Dkt. No. 9.
Therefore, the deadlines in the Court's Scheduling Order, Dkt. No. 7, remain in effect.

DONE at Brownsville, Texas, this ___ day of June, 2007.

Hilda G. Tagle
United States District Judge

-3-